DANIEL M. PETROCELLI (SB # 97802)
dpetrocelli@omm.com
JEFFREY A. BARKER (S.B. #166327)
jbarker@omm.com
AMY R. LUCAS (S.B. #264034)
alucas@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKS SPORTS, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1125(A)**<br>(2) **WILLFUL INFRINGEMENT OF REGISTERED MARK , 15 U.S.C. § 1114**<br>(3) **FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(A)**<br>(4) **FEDERAL TRADEMARK DILUTION, 15 U.S.C. § 1125(C);**<br>(5) **STATE TRADEMARK DILUTION & INJURY TO BUSINESS REPUTATION;**<br>(6) **STATE UNFAIR AND DECEPTIVE PRACTICES**<br>(7) **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II (collectively, "Skechers") bring this action against defendant BROOKS SPORTS, INC. ("Brooks") to address Brooks' abuse of Skechers' legally protected and federally registered and unregistered trademarks, and allege as follows:

**NATURE OF THE ACTION**

1.      For 30 years, Skechers has designed and sold quality, affordable and stylish shoes for men, women and children.  A publicly traded company, Skechers distributes its products throughout the United States and in more than 170 countries by way of more than 4,300 Skechers retail stores, Skechers' e-commerce websites, and third-party department and specialty stores.  Among its many products, Skechers produces high-performance athletic footwear and has become a world leader in designing cutting edge products, particularly for use in running.

2.      Over the years, Skechers has invested and spent hundreds of millions of dollars creating and promoting its brand, including various versions of its famous stylized "S" mark, to which Skechers has exclusive, incontestable rights.  In particular, Skechers is well known for using marks such as these on its footwear:



3.      Defendant Brooks manufactures and sells athletic footwear.  Brooks has used a variety of fonts over time on its footwear.  But, despite Brooks' awareness of Skechers' marks, including the stylized "S" mark used on Skechers' running footwear, Brooks is using the following confusingly similar mark that purports to be a stylized number "5" on versions of its athletic footwear:



4.      Further adding to likely consumer confusion, Brooks places its stylized "5" mark on the top of the tongue of its shoe and in a location separate from any other markings, just as many Skechers shoes also display the Skechers "S" mark or Skechers' name.

 

5.      Brooks' stylized "5" mark is substantially identical to many of Skechers' "S" marks and is used on similar products marketed to the same consumers, making it highly likely that consumers will be confused as to whether Skechers is responsible for, distributes, has authorized or licensed, or is otherwise involved with the shoes Brooks sells.  Moreover, Brooks' unauthorized use of a mark that is substantially similar to Skechers' dilutes the distinctiveness of Skechers' famous "S" marks, in violation of both federal and state law.

6.      Courts in Germany have already ordered Brooks to cease and desist its infringing uses of the confusingly similar "5" mark.  Nevertheless, despite repeated demands, Brooks has refused to alter course in the United States, and has persisted in its infringing and dilutive activities.  Accordingly, Skechers brings this suit to enforce its rights and protect its valuable trademarks and associated goodwill.

**THE PARTIES**

7.      Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

8.      Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Virginia with a principal place of business

located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266. Skechers U.S.A., Inc. II is a wholly-owned subsidiary of Skechers U.S.A., Inc.

9.     On information and belief, defendant Brooks Sports, Inc. ("Brooks") is a corporation duly organized and existing under the laws of the State of Washington with a principal place of business located at 3400 Stone Way North, 5th Floor, Seattle, Washington 98103.

## JURISDICTION AND VENUE

10.     Jurisdiction in this Court exists under the provisions of section 39 of the Lanham Act, 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).  Subject matter jurisdiction over Skechers' related state and common law claims is proper pursuant to 28 U.S.C. § 1338 (action asserting claim for unfair competition joined with a substantial and related claim under trademark laws) and 28 U.S.C. § 1367 (supplemental jurisdiction).

11.     This Court has personal jurisdiction over Defendant because, upon information and belief, Brooks has (a) knowingly and purposefully marketed, distributed, offered for sale, and sold the Infringing Footwear identified herein to persons within the State of California and this District; (b) regularly distributes its products through multiple sales outlets in the State of California and this District; and (c) otherwise made or established contacts and regularly conducts or solicits business in the State of California and this District.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the claims arose in this District.

## FACTUAL ALLEGATIONS

### Skechers and Its Famous "S" Logo

13.     Skechers is a multi-billion dollar global leader in the lifestyle and performance footwear industry. Starting from a single footwear line in 1992, Skechers now boasts a collection of more than 3,000 footwear styles.  Skechers'

products are sold in more than 170 countries and territories globally through a global network of distributors and subsidiaries.

14. For decades, Skechers has manufactured, advertised, marketed, and sold footwear with its famous and distinctive stylized "S" trademarks (collectively, the "'S' Marks"). Skechers owns and uses many federally registered and unregistered "S" Marks for its footwear, including the federal registrations listed below and attached hereto as Exhibits A through J.

15. Skechers is the owner of at least 40 federally registered trademarks bearings its "S" Marks. These marks are registered for use on a variety of platforms and products, including e-commerce, apparel, handbags, footwear, and more. Many have become incontestable pursuant to 15 U.S.C. § 1065. Examples of such marks registered for use on footwear are below:

| Serial # | Registration # | Mark |
|---|---|---|
| 87981990 | 5904316 | |
| 88201522 | 5916493 | |
| 86976296 | 4741038 | |
| 85464637 | 4247243 | |

| | | |
|---|---|---|
| 88201496 | 6251908 |  |
| 88201575 | 6251913 |  |
| 88201566 | 6251912 |  |
| 88201562 | 6251911 |  |
| 88201550 | 6251910 |  |
| 88201509 | 6251909 |  |

16.     Skechers also owns Registration No. 3998272, issued July 19, 2011, which has become incontestable, for its corporate name, which it has regularly and consistently presented to the public for over five years in the following font as its

logo on its retail stores, website, promotional and marketing materials, packaging, and on its clothing and footwear products (the "Skechers Mark"):

# SKECHERS

The federal registration for the Skechers Mark is attached hereto as Exhibit K.

17.    Skechers also has developed, and has used in commerce in the United States for many years, numerous executions of its "S" Marks, including but not limited to those shown below (which often include the Skechers Mark in the stylized font presented above).  Due to the substantial advertising and sales of Skechers' products, these executions have become closely associated in the minds of consumers with the Skechers brand when used on footwear:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



18.    Skechers has invested hundreds of millions of dollars in continuous

and longstanding promotion of its marks, including its "S" Marks and the Skechers

Mark.  This long-term investment has built brand recognition and goodwill and, along with Skechers' substantial worldwide sales, has caused consumers to associate the "S" Marks and the Skechers Mark solely with Skechers as the source of the goods it provides.  As a result, the "S" Marks and the Skechers Mark have become distinctive and famous within the meaning of 15 U.S.C. § 1125(c).

19.    The public, including the media immediately recognize and associate the "S" Marks and the Skechers Mark with Skechers.  For example, in an April 22, 2022 article entitled "The 7 Best Skechers Running Shoes," the well-known publication *Runner's World* described Skechers' products using the subtitle: "Same 'S' logo. New PR-worthy shoes. ICYMI, Skechers has become a major player in the running industry."



**The 7 Best Skechers Running Shoes**

Same "S" logo. New PR-worthy shoes. ICYMI, Skechers has become a major player in the running industry.



BY MICHAEL CHARBONEAU APR 22, 2022

1

**<u>Use of the "S" Marks on Skechers Shoes</u>**

2  20.  The "S" Marks appear prominently on all of Skechers' performance

3  products, including its GoRun lines of running shoes, GoWalk lines of walking

4  shoes, GoGolf lines of golfing footwear, and many other products.

5  21.  Certain performance products—including the GoRun Horizon Vanish

6  2, the GoRun Razor Excess, and the GoRun Speed Elite—feature the "S" Marks on

7  the tongue as well as on the sides of the shoes:

8  <b>GOrun Razor Excess</b>

9
10
11
12
13   
14
15
16
17
18  <b>GOrun Horizon – Vanish 2</b>
19
20
21
22
23   
24
25
26
27
28

**GOrun Speed Elite**

 

22.    The "S" Marks are also prominently featured by Skechers in its advertising campaigns.  For example:



- 11 -



### **Widespread Recognition of Skechers' Running Shoes**

23.     In the last decade, Skechers and its footwear products have been recognized with over one hundred awards from leading publications and organizations, including scores of awards and recognition for the high quality of its running shoes.  For example, the Skechers GOrun Razor TRL recently made the *Runner's World* 2022 list of Best Trail Running Shoes and the *Sports Illustrated* list of Best Running Shoes in 2022. *Men's Health* included the GOrun Ride 9 on its 2022 list of the18 Best Pairs of Running Shoes for Men.

24.     Skechers' athletic footwear also has received significant attention and publicity from major publications focused on running and walking.  For example, a full-page spread in the May 2022 issue of Runner's World Magazine celebrated the GoRun Razor Excess 2.  That article included the below photo, again prominently featuring the "S" Mark:



**Brooks and Its Infringing and Dilutive Products**

25.     Upon information and belief, defendant Brooks manufactures, advertises, markets, and sells athletic footwear, typically designating its products with style name and occasionally a generation number.

26.     In the past, Brooks has used a variety of different fonts to label its products, including the following that represent the number "5" in ways that do not mimic and are not confusingly similar to an "S":



27.     However, for a number of recent styles—including but not limited to the "Levitate 5," the "Levitate GTS 5," the "Levitate StealthFit 5," the "Levitate StealthFit 5 GTS," the "Revel 5," and the "Caldera 5" (collectively, the "Infringing Footwear")—Brooks changed the fonts it had used in the past and instead has adopted an italicized "5" that is virtually indistinguishable from Skechers' well-known "S" Marks and the font used in the Skechers Mark.  Brooks even features this new mark on a tab near the shoe's tongue (the "Brooks '5' Mark") that is separate from the shoe's style name or other markings, as pictured below:

Levitate GTS 5

 

Levitate 5

 

Caldera 5

 

1

## Levitate StealthFit 5




## Revel 5




## Levitate StealthFit GTS 5




28.     On information and belief, Brooks is selling and, absent intervention and an injunction issuing from this Court, plans to continue to sell footwear bearing the Brooks "5" Mark not only for its existing inventory of shoes, but also for future lines of fifth generation shoes.

**Notification of Infringement and Brooks' Refusal to Cease and Desist**

29.     On or about February 23, 2022, upon becoming aware of the Brooks "5" Mark's existence in the United States, counsel for Skechers contacted counsel for Brooks and demanded that Brooks immediately and permanently cease and desist from using the infringing Brooks "5" Mark.  On or about March 29, 2022, Brooks denied that the Brooks "5" Mark infringes the Skechers "S" Mark.

30.     Thereafter, Skechers became aware that Brooks and/or its affiliates were also selling the Infringing Footwear in the European Union.  On or about April 26, 2022, Skechers sought and obtained an EU-wide preliminary injunction from the Dusseldorf Regional Court in Germany enjoining Brooks from importing, exporting, advertising, or selling any products with the infringing "5" Mark.

31.     Specifically, the German court found that "there is thus a substantial likelihood of confusion between" the Skechers "S" Marks and the infringing "5" Mark, based on the "identity between the goods 'shoe'" and the "high degree of similarity between the signs, which are both characterized by a black filled-in sign that runs parallel horizontally in the upper and lower areas and has a right-hand curve in the lower right."  Landgericht Dusseldorf [Dusseldorf Regional Court] Apr. 26, 2022, 34 O 57/22, 6 (Ger.).

32.     Notwithstanding the German court's preliminary injunction order, Brooks' affiliate in Europe, Brooks Sports B.V., continued to sell the Infringing Footwear in the E.U., requiring Skechers to seek a second injunction against Brooks Sports B.V. and its European warehousing and distribution partners.

33.     On or about June 2, 2022, the Dusseldorf Regional Court issued an order enjoining Brooks from continuing to infringe the "S" Mark.  Landgericht

Dusseldorf [Dusseldorf Regional Court] June 2, 2022, 34 O 57/22, 6 (Ger.). On or about June 15, 2022, the German court issued a seizure order against Brooks' European warehousing and distribution partners. Landgericht Dusseldorf [Dusseldorf Regional Court] June 15, 2022, 34 O 57/22, 6 (Ger.).

**Brooks' Continuing and Willful Infringement**

34. Upon information and belief, Brooks' conduct both in the United States and abroad demonstrates its willful intent to infringe the "S" Marks and the Skechers Mark notwithstanding the likely consumer confusion and harm to Skechers, Skechers' reputation and goodwill, and the valuable "S" Marks and Skechers Mark. Upon further information and belief, absent intervention from this Court, Brooks intends to continue to compound its wrongful conduct described herein.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

35. Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

36. Brooks has used marks confusingly similar to Skechers' federally registered marks and unregistered marks in violation of 15 U.S.C. §§ 1114 and 1125(a). Brooks' use of confusingly similar imitations of the registered and unregistered Skechers "S" Marks (including the "S" characters of the Skechers Mark) is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Brooks' goods are manufactured or distributed by Skechers, are associated or connected with Skechers, or have the sponsorship, endorsement or approval of Skechers.

37. Brooks' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Skechers' goodwill and reputation as

symbolized by its exclusive use of the Skechers "S" Marks and the Skechers Mark, for which Skechers has no adequate remedy at law.

38.     Upon information and belief, and as demonstrated by Brooks' conduct as described herein, Brooks' misappropriation and infringement of the Skechers "S" Marks and Skechers Mark was and is a willful, intentional, and malicious effort to trade on and diminish the goodwill associated with the Skechers "S" Marks and the Skechers Mark to Skechers' great and irreparable harm.

39.     Brooks has caused and, unless restrained by this Court, is likely to continue causing substantial injury to the public and to Skechers.  Accordingly, Skechers is entitled to injunctive relief and to recover Brooks' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CAUSE OF ACTION

### (Federal Trademark Infringement and Willful Infringement
### of a Registered Mark – Lanham Act § 32, 15 U.S.C. § 1114)

40.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

41.     As set forth herein, Skechers owns valid U.S. Trademark Registrations for the "S" Marks and the Skechers Mark.

42.     Brooks has used in commerce in the United States spurious marks that are identical with, or substantially indistinguishable from, the Skechers "S" Marks (including the "S" characters of the Skechers Mark) without Skechers' authorization, and in connection with the same goods described in Skechers' federal registrations for those marks.

43.     Brooks' use of such spurious marks on the Infringing Footwear that are identical to, or substantially indistinguishable from, the products on which the "S" Marks and the Skechers Mark appear falsely represents that Brooks' goods are

coming from or authorized by Skechers and places beyond Skechers' control the quality of goods offered and sold under the Skechers' various marks.

44.     Brooks' unauthorized use of spurious marks that are identical to, or substantially indistinguishable from, the "S" Marks (including the "S" characters of the Skechers Mark) in connection with the promotion and sale and distribution of footwear is likely to cause confusion, mistake, or deception as to the source or sponsorship of Brooks' goods, and is likely to deceive the public into believing that Brooks' goods come from Skechers, are sponsored, endorsed or approved by Skechers, are subject to Skechers' quality control measures, or are otherwise associated with Skechers.

45.     Upon information and belief, Brooks' conduct as described herein has been intentional, reckless and willful.

46.     Brooks' use of marks identical to, or substantially indistinguishable from, the "S" Marks (including the "S" characters of the Skechers Mark) in the manner described herein constitutes use of counterfeit marks, as that term is defined in section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B), and Brooks is accordingly liable under the anti-counterfeiting provisions of 15 U.S.C. § 1114(1).

47.     Brooks has caused and, unless enjoined by this Court, is likely to continue causing substantial injury to the public and to Skechers, which has no adequate remedy at law, and Skechers is entitled to injunctive relief, an accounting for Brooks' profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.  Additionally, pursuant to 15 U.S.C. § 1117(b), Skechers is entitled to trebling of the greater of Brooks' profits or Skechers' damages, and to prejudgment interest.  Alternatively, pursuant to 15 U.S.C. § 1117(c), Skechers is entitled to recover statutory damages for Brooks' willful use of counterfeit marks.

**THIRD CAUSE OF ACTION**

**(Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

48.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

49.     Brooks' use of confusingly similar imitations of the "S" Marks (including the "S" characters of the Skechers Mark) has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Brooks' goods are offered, manufactured, or distributed by Skechers, or are affiliated, connected, or associated with Skechers, or have the sponsorship, endorsement, or approval of Skechers.

50.     Brooks has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a). Brooks' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of the public and members of the trade, and, additionally, injury to Skechers' goodwill and reputation as symbolized by its exclusive use of the "S" Marks (including the "S" characters of the Skechers Mark), for which Skechers has no adequate remedy at law.

51.     Upon information and belief, Brooks' conduct as described herein demonstrates an intentional, willful and malicious intent to trade on the goodwill associated with the "S" Marks and the Skechers Mark to the substantial and irreparable injury of Skechers.

52.     Brooks' conduct has caused and, unless enjoined by this Court, is likely to continue causing, substantial injury to the public and to Skechers, which has no adequate remedy at law, and Skechers is entitled to injunctive relief, an accounting for Brooks' profits, damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## **FOURTH CAUSE OF ACTION**

### **(Federal Trademark Dilution – Lanham Act § 43(a), 15 U.S.C. § 1125(c))**

53.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

54.     Skechers has exclusively and continuously promoted and used its registered "S" Marks and the Skechers Mark in the United States for over 30 years. As a result, the "S" Marks and the Skechers Mark have become famous and well-known symbols of Skechers and its products among the general public in the United States, and they became so before Brooks began advertising, promoting, distributing, or offering for sale the Infringing Footwear.

55.     Brooks is making use in commerce of confusingly similar imitations of Skechers' famous "S" Marks (including the "S" characters of the Skechers Mark) that dilute and are likely to dilute the distinctiveness of the "S" Marks and the Skechers Mark by eroding the public's exclusive identification of these marks with Skechers, degrading the positive associations and connotations of these marks, and otherwise lessening the capacity of these marks to identify and distinguish Skechers' goods.

56.     Brooks' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "S" Marks (including the "S" characters of the Skechers Mark) or to cause dilution of those marks to the great and irreparable injury of Skechers.

57.     Brooks has caused and, unless enjoined by this Court, is likely to continue causing irreparable injury to Skechers' goodwill and business reputation, and dilution of the distinctiveness and value of the famous "S" Marks and Skechers Mark in violation of 15 U.S.C. § 1125(c).  Accordingly, Skechers is entitled to injunctive relief, an accounting for Brooks' profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

# FIFTH CAUSE OF ACTION

## (Trademark Dilution and Injury to Business Reputation Under State Law)

58.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

59.     For over thirty years, Skechers has exclusively and continuously promoted and used the "S" Marks and the Skechers Mark in the United States.  The "S" Marks and the Skechers Mark are well-known symbols of Skechers and its products among the general public in the United States generally, and in each of those states and territories particularly, well before Brooks began using its "5" Mark.

60.     Brooks is making use in commerce of confusingly similar imitations of Skechers' "S" Marks (including the "S" characters of the Skechers Mark) that dilute and are likely to dilute the distinctiveness of the "S" Marks and the Skechers Mark by eroding the public's exclusive identification of these marks with Skechers, degrading the positive association and prestigious connotations of these marks, and otherwise lessening the capacity of the "S" Marks and Skechers Mark to identify and distinguish Skechers' goods.

61.     Brooks' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "S" Marks and the Skechers Mark, or to cause dilution of these marks, to the great and irreparable injury of Skechers.

62.     Brooks has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Skechers' goodwill and business reputation, as well as dilution of the distinctiveness and value of the "S" Marks and Skechers Mark in violation of the California antidilution act, Cal. Bus. & Prof. Code § 14247; as well as the antidilution laws of several other states, including Alabama, Ala. Code § 8-12-17; Alaska, Alaska Stat. § 45.50.180; Arizona, Ariz. Rev. Stat. Ann. § 44-1448.01; Arkansas, Ark. Code Ann. § 4-71-213; Connecticut, Conn. Gen. Stat. Ann

§ 35-11i(C); Delaware, Del. Code Ann. Tit. 6, § 3313; Florida, Fla. Stat. Ann. § 495.151; Georgia, Ga. Code Ann. § 10-1-451; Hawaii, Haw. Rev. Stat. Ann. § 482-32; Idaho, Idaho Code Ann. § 48-513; Illinois, 765 Ill. Comp. Stat. Ann. 1036/65; Iowa, Iowa Code Ann. § 548.113; Indiana, In. Code 24-2-1-13.5; Kansas, Kan. Stat. Ann. § 81-214; Louisiana, La. Rev. Stat. Ann. § 51:223.1; Maine, Me. Rev. Stat. Ann. Tit. 10, § 1530; Massachusetts, Mass. Gen. Laws. Ann. Ch. 110h, § 13; Minnesota, Minn. Stat. Ann. § 333.285; Mississippi, Miss. Code. Ann. § 75-25-25; Missouri, Mo. Ann. Stat. § 417.061(1); Montana, Mont. Code Ann. § 30-13-334; Nebraska, Neb. Rev. Stat. Ann. § 87-140; Nevada, Nev. Rev. Stat. 600.435; New Hampshire, N.H. Rev. Stat. Ann. § 350-A:12; New Jersey, N.J. Stat. Ann. 56:3-13.20; New Mexico, N.M. Stat. Ann. § 57-3b-15; New York, N.Y. Gen. Bus. Law § 360-L; Oregon, O.R.S. § 647.107; Pennsylvania, 54 Pa. Cons. Stat. Ann. § 1124; Rhode Island, R.I. Gen. Laws Ann. § 6-2-12; South Carolina, S. C. Code Ann. § 39-15-1165; Tennessee, Tenn. Code Ann. § 47-25-513; Texas, Tex. Bus. & Com. Code Ann. § 16.29; Utah, Ut. Code Ann. § 70-3a-403; Washington, Wash. Rev. Code Ann. § 19.77.160; West Virginia, W.Va. Code Ann. § 47-2-13; and Wyoming, Wyo. Stat. Ann. § 40-1-115.

63.    Skechers, therefore, is entitled to injunctive and equitable relief, damages and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

### (Violation of State Unfair and Deceptive Trade Practices Statutes)

64.    Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

65.    By the conduct described herein, Brooks has been passing off its goods as those of Skechers, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Brooks' goods by Skechers, causing a

likelihood of confusion as to Brooks' affiliation, connection, or association with Skechers, and otherwise damaging the public.

66.     Brooks' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California; Cal. Bus. & Prof. Code § 17200, e*t seq.*; Colorado, Colo. Rev Stat. Ann. §§ 6-1-101 to 6-1-115; Delaware, Del. Code Ann. Tit. 6, §§ 2531 to 2536; Georgia, Ga. Code Ann. §§ 10-1-370 to 10-1-375; Hawaii, Haw. Rev. Stat. §§ 481a-1 to 481a-5; Illinois, Ill. Comp. Stat. Ann. 510/1 to 510/7; Maine, Me. Rev. Stat. Ann. Tit. 10, §§ 1211 to 1216; Minnesota, Minn. Stat. Ann. §§ 325d.43 to 325d.48; Nebraska, Neb. Rev. Stat. §§ 87-301 to 87-306; New Mexico, N.M. Stat. Ann. §§ 57-12-1 to 57-12-22; New York, N.Y. Gen. Bus. Law § 349; Ohio, Ohio Rev. Code Ann. §§ 4165.01 to 4165.04; and Oklahoma, Okla. Stat. Ann. Tit. 78, §§ 51 to 55.

67.     Skechers, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, enhanced damages, punitive damages, and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)

68.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

69.     Brooks' actions constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of Skechers. Skechers has no adequate remedy at law for this injury.

70.     On information and belief, Brooks has acted with full faith and knowledge of Skechers' use of and statutory and common law rights to the "S" Marks, the Skechers Mark and various executions thereof, and has done so without regard for the likelihood of confusion of the public created by Brooks' activities.

71.    Brooks' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "S" Marks and the Skechers Mark to the great and irreparable injury of Skechers.

72.    As a result of Brooks' actions, Skechers has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, Skechers is entitled to injunctive relief, an accounting of Brooks' profits, damages, and reasonable attorney's fees and costs.  Further, in light of Brooks' deliberate and malicious use of confusingly similar imitations of the "S" Marks (including the "S" characters of the Skechers Mark), and the need to deter Brooks from engaging in similar conduct in the future, Skechers additionally is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Skechers prays that:

1. Brooks and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by through or under authority from Brooks, or in concert or participation with Brooks, and each of them, be enjoined permanently from:

a. using the Skechers "S" Marks (including the "S" characters of the Skechers Mark) or any other copy, reproduction, colorable imitation, or simulation thereof on or in connection with Brooks' goods, including the Infringing Footwear;

b. passing off, palming off, or assisting in passing off or palming off Brooks' goods as those of Skechers, or otherwise continuing any and all acts of unfair competition as alleged herein; and

c. advertising, promoting, offering for sale, or selling the Infringing Footwear or other goods bearing confusingly similar imitations of the "S" Marks (including the "S" characters of the Skechers Mark);

2. Brooks be ordered to cease offering for sale, marketing, promoting, and selling and to recall all products sold under or bearing any identical or confusingly

similar imitations of the "S" Marks (including the "S" characters of the Skechers Mark) that are in Brooks' possession, custody, or control, or have been shipped by Brooks or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Brooks;

3. Brooks be ordered to deliver up for impoundment and for destruction, all footwear, including Infringing Footwear, signs, advertising, sample books, promotional materials, or other materials in the possession, custody, or control of Brooks that are found to adopt, infringe, or dilute the "S" Marks (including the "S" characters of the Skechers Mark) or that otherwise unfairly compete with Skechers and its products;

4. Brooks be compelled to account to Skechers for any and all profits derived by Brooks from the sale or distribution of the Infringing Footwear and that Skechers be awarded such profits pursuant to 15 U.S.C. § 1117(a);

5. Skechers be awarded all damages caused by the acts forming the basis of this complaint;

6. Based on Brooks' knowing and intentional use of spurious and/or confusingly similar imitations of Skechers' "S" Marks, the damages awarded be trebled and the award of Brooks' profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b), or alternatively, and at Skechers' election, pursuant to 15 U.S.C. § 1117(c), for any goods bearing a spurious mark, Skechers be awarded statutory damages for Brooks' willful use of a spurious mark;

7. Brooks be required to pay Skechers the costs of this action and Skechers' reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and the state statutes and common law cited in this complaint;

8. Based on Brooks' willful and deliberate infringement and dilution of the "S" Marks (including the "S" characters of the Skechers Mark), and to deter such

conduct in the future, Skechers be awarded exemplary and punitive damages;

9. Skechers be awarded prejudgment and post-judgment interest on all monetary awards; and

10. Skechers be awarded such other and further relief as this Court may deem just or proper.

Dated:  June 28, 2022                    O'MELVENY & MYERS LLP


By:   _____
                 Daniel M. Petrocelli

Attorneys for Plaintiffs
SKECHERS U.S.A., INC. and
SKECHERS U.S.A., INC. II

## JURY DEMAND

Skechers respectfully request a jury trial on all issues triable thereby.


Dated:  June 28, 2022                          O'MELVENY & MYERS LLP


                                               By:  _____
                                                        Daniel M. Petrocelli

                                               Attorneys for Plaintiffs
                                               SKECHERS U.S.A., INC. and
                                               SKECHERS U.S.A., INC. II